Alex E. Sweet et al. v. Arch H. Lowrey et al.

Decided May 29, 1901.

1.—Trial by Court—Conflicting Findings of Fact.

In the absence of a statement of facts it can not be held that findings of fact by the trial court, supporting the judgment rendered, were erroneous, though findings tending to a different conclusion were subsequently filed by him.

ON MOTION FOR REHEARING.

2.—Same.

Findings of fact supporting an inference that the conflicting surveys of plaintiff and defendant were all made as one transaction, can not prevail over a direct finding that plaintiff's location was prior in time to defendants.

3.—Same.

A specific finding of fact by the court will, in the absence of a statement of facts, be presumed to be supported by evidence, though stated by him to be found from field notes and records which do not support such finding.

Appeal from San Saba. Tried below before Hon. M. D. Slator.

*Rector & Brown*, for appellants.

*Allison & Walters*, for appellees.

KEY, Associate Justice.—This is a boundary suit tried without a jury. There is no statement of facts, the case being submitted in this court upon the judge's conclusions of fact. The first four conclusions of fact sustain the plaintiffs' theory and support the judgment; and while there may be facts contained in the more elaborate findings of fact subsequently filed tending to a different conclusion, we can not say, in the absence of a statement of facts, that the four findings referred to are erroneous. Scarborough v. Hilliard, 28 S. W. Rep., 231.

*Affirmed.*

OPINION ON MOTION FOR REHEARING.

After careful examination of appellant's motion for rehearing, we are still of the opinion that the judgment of affirmance is correct. If it be conceded, as contended, that the second conclusions of fact filed by the trial judge were intended to supersede or modify those previously filed, still, in the absence of a statement of facts, it is not made to appear that the judgment appealed from is not correct.

As stated in the former opinion, this is a boundary suit, and it is stated by counsel for appellants that the court below rendered judgment against them upon the theory that the survey owned by them was a junior survey to those owned by appellees, and this statement is borne out by the record. The trial judge in the conclusions of fact relied on by appellants, made this specific finding: "I find from the records of

the original field notes in the office of the county surveyor of San Saba County, Texas, that said surveys 65, 70, 71, and 72, in controversy, were located June 15, 1847." The appellees own the surveys found by the court to have been located on the 8th day of June, and the appellants own the other survey found to have been located on the 15th day of June, 1847. Now, while certain maps that were in evidence and other circumstances disclosed by other findings tend to show that the surveyor who made all the original surveys was engaged in surveying a large block of surveys, and did all the surveying as one transaction, though covering several days work, still, we are not authorized to conclude that the court committed error in finding in effect that appellants' location and survey was a separate and distinct transaction, occurring seven days after the locations made for the appellees. The field notes of the several surveys are not set out in the court's findings, and the court states in effect that the original field notes show that appellants' survey was the junior survey, made seven days subsequent to those made for appellees. The surveyor may have stated in the field notes of appellants' survey that he had gone upon the ground seven days after making all of the other surveys and made appellants' as a separate and distinct transaction; and if such recital was contained therein, it justified the trial court in the finding referred to.

Furthermore, although the trial judge stated in his findings that he found the seniority of appellees' locations from the records of original field notes in the office of the county surveyor of San Saba County, still, in support of the finding referred to, we would not be limited to the source of information alluded to by the judge. Having specifically found the fact that appellants were claiming under a junior survey, it will be presumed that ample evidence was adduced to show the seniority of appellees' surveys, although that referred to by the judge should be insufficient for that purpose. Oldham v. Medearis, 90 Texas, 506.

*Motion overruled.*