TRICE'S HEIRS v. McCALEB et al.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911.)

EVIDENCE (§ 178*)—BEST AND SECONDARY EVIDENCE—DEEDS—NOTARY—CERTIFICATE.

In the absence of proof of the loss of a deed, or of plaintiffs' inability to produce it, secondary evidence of its execution, consisting of a certified copy of the entries of the notary, who took the acknowledgment, in his notary's book, which he was required to keep, and in which he was required to make entries of acknowledgments by Rev. St. 1895, art. 3512, which certificate was made as authorized by article 3514, was inadmissible to prove the execution of the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 580–594; Dec. Dig. § 178.*]

Appeal from District Court, Armstrong County; J. N. Browning, Judge.

Trespass to try title by Edna Trice and others against T. E. McCaleb and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Wilson & King, for appellants. J. S. Stallings and R. A. Moore, for appellees.

NEILL, J. This is a suit in trespass to try title, brought by Edna, Harvey M., and Edward H. Trice, as sole heirs of E. H. Trice and his wife, N. B. Trice, against Mrs. T. E. McCaleb, Burt Hope McCaleb, and Jim Arch McCaleb, to recover lots 7 and 8, in block 23, of the original town of Claud, Armstrong county, Tex. The casé was tried without a jury, and resulted in a judgment in favor of the defendants.

The plaintiffs deraigned their title from the state by patent issued to E. H. Trice on July 29, 1889, at which time N. B. Trice was his wife, and proved that they (plaintiffs) are the sole heirs of the patentee and his deceased wife. The defendants claim title through a regular chain of title from one A. F. Johnson down to themselves, and introduced evidence which, if admissible, tended to show that on August 3, 1889, E. H. Trice and wife, by their deed of that date, conveyed the lots in controversy to the said A. F. Johnson. If, then, there was proof of the execution and delivery of such deed, the plaintiffs were not entitled to recover.

The only evidence offered to prove the execution or delivery of such deed was a certified copy, made by the clerk of county court of Donley county, of the entries in the notary book of James H. Parker, a notary public of Donley county, Tex., such as notaries public are required to keep and make under and by virtue of article 3512, Rev. Statutes; the certificate having been made under the provisions of article 3514 of Revised Stats. of 1895. Such certified copy of the entries in the notary's book was introduced over objections of defendants.

The absence of the deed being in no way accounted for, the evidence above referred to was incompetent, as well as insufficient, to prove its execution and delivery. Had the loss of the deed been shown, or had it been proved that it could not be produced on the trial, the evidence complained of would have been admissible as a circumstance to show its execution and delivery. But until such predicate had been laid as would entitle the defendants to resort to secondary or circumstantial evidence to prove the execution and delivery of the instrument, it was inadmissible in evidence for any purpose.

The judgment of the district court is reversed, and the cause remanded.