## CLARKSON et al. v. RUIZ et al.

No. 10672.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1940.

Rehearing Denied April 24, 1940.

Frank T. Morrill and Perkins & Floyd, all of Alice, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellants.

Lloyd & Lloyd, of Alice, Bobbitt, Williamson & Derby, of San Antonio, and Felix A. Raymer, of Houston, for appellees.

MURRAY, Justice.

This is the second appeal of this case. Our opinion on the first appeal is to be found in 108 S.W.2d 281, 286. It would serve no useful purpose to here reiterate all of the facts stated in that opinion, but it will be sufficient to refer to and adopt that opinion as a part of this opinion, insofar as it is applicable on this appeal.

In our former opinion we affirmed in part and reversed in part the judgment of the trial court, with the following statement: "As to said excepted appellees [Geo. B. Parr, Thelma D. Parr and Humble Oil & Refining Company] the judgment will be reversed and remanded, for the purpose of having the trial court determine whether or not the sale of Clarkson's interest in Survey 553, by virtue of the power of sale in the deed of trust, was a valid sale, and for the further purpose of partitioning, if proper, Survey 553 between the joint owners thereof; it having been decided that the minor, Eliza Robles, is the owner of a two-twelfths undivided interest in said Survey 553, and whether or not Mrs. Clarkson is the owner of a five-twelfths undivided interest in this survey, being dependent upon whether or not the trustee's sale is found to be valid or invalid. The trial court should also determine what sums of money, if any, are due by Humble Oil & Refining [Company] to Eliza Robles and to Mrs. Clarkson, if she be found to own an undivided interest in Survey 553."

In keeping with these instructions the trial court retried the case, submitted the issues to the jury, and rendered judgment in keeping with the jury answers. The decree, among other things, awards the undivided interest in Survey 553, asserted by Mrs. J. F. Clarkson, to Mrs. Thelma D. Parr. From this judgment Mrs. J. F. Clarkson, individually and as independent executrix of the estate of J. F. Clarkson, deceased, and the cross-defendants, Hood Boone and Jacob S. Floyd, have prosecuted this appeal.

Appellants, by their first proposition, contend that the evidence clearly established the fact that they could not obtain a fair and impartial trial in Duval County, and that the trial judge abused his discretion in refusing to change the venue of this cause.

Appellants placed a number of witnesses on the stand who testified, in effect, that appellants could not secure a fair and impartial trial in Duval County. Appellees also placed a number of witnesses upon the stand who testified, in effect, that appellants could secure a fair and impartial trial in the county. The trial judge who saw the witnesses and heard them testify resolved this conflicting testimony in favor of appellees and overruled the motion for a change of venue. In doing so he did not abuse his discretion. Gannaway v. Trinity Universal Insurance Company, Tex.Civ.App., 85 S.W. 2d 345, writ refused; Herd v. Wade, Tex. Civ.App., 63 S.W.2d 253; Freeman v. Cleary, Tex.Civ.App., 136 S.W. 521, writ refused; Barrow v. Barclay, Tex.Civ.App., 269 S.W. 235, writ refused; Ferguson Seed Farms, Inc., v. Fort Worth & D. S. P. Ry. Co., Tex.Civ.App., 100 S.W.2d 177.

By their second proposition appellants contend that G. B. Parr and his wife, Thelma D. Parr, under all the facts and circumstances, are estopped to assert title to the Clarkson share in Survey No. 553. We overrule this contention. It is true that after the sale of the Clarkson interest in Survey 553, by the substitute trustee, G. B. Parr was both a party and an attorney in a partition suit in which a partition was attempted between Mrs. Clarkson and G. B. Parr of this survey. It is also true that the

instruments involved in the substitute trustee's sale (except the deed of trust) were not recorded until about seven years after the sale was held, on October 2, 1928. It is also true that when G. B. Parr and Thelma D. Parr filed their cross-action setting up title to all of Survey 553, they alleged they were joint owners. However, it is also true that Mrs. Thelma D. Parr was not a party to the original partition suit and cannot be bound by anything which her husband may have done in that suit. Any advantage which G. B. Parr may have gained by the partition had in cause No. 3516, was lost when that partition was set aside for lack of proper parties, as pointed out in our original opinion in this cause.

■■ Appellees offered evidence to the effect that Mrs. Parr purchased the Clarkson interest in Survey 553 with her separate money and. took title thereto in her own name. These facts, together with other circumstances, were sufficient to support the implied finding of the trial court to the effect that the Clarkson interest in Survey 553 was the separate property of-Thelma D. Parr. Kearse v. Kearse, Tex.Civ. App., 262 S.W. 561, affirmed Tex.Com.App., 276 S.W. 690; Emery v. Barfield, Tex.Civ. App., 156 S.W. 311. Such finding was also supported by the pleadings. Where two parties allege in a trespass to try title suit that they are joint owners of property, proof may be offered that the property is the separate property of either. Art. 1983, R.C.S.1925; 41 Tex.Jur. § 78, p. 557; Anderson v. Anderson, 95 Tex. 367, 67 S.W. 404.

We conclude that, under all the circumstances, Geo. B. Parr would not be estopped to contend that Mrs. Clarkson did not own any interest in Survey 553, but certainly Thelma D. Parr had done nothing to estop her from claiming the Clarkson interest in Survey 553. Thompson v. Crim, 132 Tex. 586, 126 S.W.2d 18; Harle v. Texas Southern Ry. Co., 39 Tex.Civ.App. 43, 86 S.W. 1048; Ayres v. Fellrath, 5 Tex.Civ.App. 557, 24 S.W. 347; First State Bank of Tomball v. Tinkham, Tex.Civ.App., 195 S. W. 880, affirmed 109 Tex. 296, 206 S.W. 927.

■ The fact that the trustee's deed to Thelma D. Parr was not recorded for nearly seven years after it was executed would not of itself divest Mrs. Parr of her title to Survey 553. Simonds v. Stanolind. Oil & Gas Co., Tex.Sup., 114 S.W.2d 226; Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97, 101.

Appellants' third proposition is somewhat multifarious and duplicitous, but as we understand the proposition appellants are complaining therein because notice of the sale by the substitute trustee of Survey 553 to Thelma D. Parr was given only by posting of notices and was not also given by publication in a newspaper. The deed of trust, under which the sale was made, provided for a sale of the property in case of default in the payment of the indebtedness, and provided for notice in the following language: "first giving notice of the time, place and terms of the sale for at least twenty days successively next before the day of sale, by posting up written or printed notices of such sale at three public places in the County of Duval, State of Texas, one of which shall be at the Court House door of San Diego of said County, and by giving such other notice as is, or may be, required by law."

Article 28, R.C.S.1925, which was in effect on and about October, 1928, the time the sale was held, read as follows: "Whenever by law notice is required to be given of any act or proceeding, whether public or private, or relating to a judicial, executive or legislative matter, which notice is now authorized by law or by contract to be made by posting notices in one or more public places, such notices shall be given by publication thereof in a newspaper of general circulation which has been continuously and regularly published for a period of not less than one year, in the county in which said act or proceeding is to occur. Nothing in this article shall be construed to require the publication of any general election notice, public road notice or probate notice when the appraised value of the estate in which same is issued is less than one thousand dollars, nor shall this article apply to sales made under a written contract wherein it is provided that notice of sale thereunder may be posted. All notices published hereunder shall be printed at least once each week for the period of time now required for posting such notices. If no paper should be published in the county where such notice is required to be given, then such notice may be posted as now provided by law. * * *"

■ It is appellants' contention that when the provisions of the deed of trust are construed in connection with Art. 28, supra,

publication of the notice of sale in a newspaper was required. We overrule this contention.

Art. 3810, R.C.S.1925, provides in part as follows: "All sales of real estate made under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. * * * Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be made at the courthouse door of the county in which such sale is to be made, * * * or the owner of such real estate may, upon written application, cause the same to be sold as provided in said deed of trust or contract lien. * * *"

It will be noticed that the deed of trust herein provided for notice of sale in the very language of the above article, with the addition, "and by giving such other notice as is, or may be, required by law." An examination of Art. 28, supra, shows that it contains the following provision: "nor shall this article apply to sales made under a written contract wherein it is provided that notice of sale thereunder may be posted." C. T. Stansell, Jr., the substitute trustee, gave notice by posting, and· that was all the notice that was required under the deed of trust, or under the statutes.

Appellants' fourth proposition is without merit and is overruled.

The trial court, by means of a number of special issues, submitted to the jury the matter of appointing the substitute trustee. The jury, by their answers, found that Vicente Salinas, the original payee in the note secured by the deed of trust, asked the original trustee to sell the property, and that such trustee, J. R. Salinas, refused to act, whereupon the then owner and holder of the indebtedness, G. B. Parr, appointed C. T. Stansell, Jr., substitute trustee.

 It appears from the record that at the first trial G. B. Parr testified that he asked J. R. Salinas to act as trustee and sell the land and that she refused, whereupon he appointed C.· T. Stansell, Jr., as substitute trustee. Sometime prior to the second trial of this cause the deposition of Vicente Salinas was taken, and in his deposition he swore that he and G. B. Parr, together, asked his wife, J. R. Salinas, to act as trustee and that she refused. However, at the trial Vicente Salinas was called as a.witness and repudiated his deposition and tes-

tified that he did not ask J. R. Salinas to act as such trustee. G. B. Parr testified that he and Vicente Salinas, jointly, asked J. R. Salinas to act as trustee under the deed of trust and she refused. J. R. Salinas testified that neither her husband nor G. B. Parr asked her to act. as trustee and that she did not refuse to so act. Under this conflict of evidence the matter was submitted to the jury, and they found that Vicente Salinas did request J. R. Salinas to act as trustee and that she did refuse. Appellants contend that these findings of the jury were contrary to the overwhelming weight and preponderance of the evidence and should be set aside by this Court. We conclude that there is evidence to support the findings of the jury. It was the duty of the jury to weigh the evidence and pass upon the credibility of the witnesses, and, having given credit to the testimony of G. B. Parr and the deposition of Vicente Salinas, it is not within the power of this Court to say that this testimony could not have been believed by the jury.

Appellants' sixth proposition is without merit and is overruled.

Appellants next contend that Hood Boone and Jacob S. Floyd were, in effect, innocent purchasers of the interest held by them in Survey 553, they having acquired such interest before any of the instruments· involved in the foreclosure of the deed of trust lien against the Clarkson interest in Survey 553 were recorded, other than the original deed of trust, and before Mrs. Thelma D. Parr asserted any ownership of the Clarkson interest in Survey 553, by virtue of the substitute trustee's deed to her.

When Mrs. Clarkson decided to institute this suit to set aside the partition granted by the decree in cause No. 3516, whereby she was given the east one-half of Survey 553, and George B. Parr given the west one-half, she employed Hood Boone and Jacob S. Floyd to conduct such litigation for her. She executed to them one note for the sum of $1,000 secured by a lien upon five-twenty-fourths interest in the minerals under the east one-half of Survey 553. This note was dated March 9, 1935, and the instrument securing it filed for record March 12, 1935. Also, on March 9, 1935, Mrs. Clarkson executed a note in the sum of $10,000, payable to Hood Boone and Jacob S. Floyd, secured by a lien on five-twenty-fourths interest of the minerals under the west half of Survey 553. The $10,-000 note provides that it is payable out of

five-twenty-fourths of the oil and/or gas produced from the west half of Survey 553, and conditioned that Hood Boone and Jacob S. Floyd had been employed by her to set aside the partition decree in cause No. 3516, and this further stipulation: "It is understood that in the event said suit herein provided for is instituted and said decree is not disturbed as a result thereof, and said property remains partitioned as reflected by said decree herein referred to, then this obligation is to be null and void; otherwise it is to remain in full force and effect," and "it is still further understood that should said suit be compromised and settled out of court, and I receive less than the interest asserted by me, then this obligation shall be reduced to Five Thousand and no/100 ($5,000.00) Dollars." It is also shown that at the time these two notes were executed neither Mrs. Clarkson, Hood Boone nor Jacob S. Floyd knew of the foreclosure of the Clarkson interest in Survey 553, under the deed of trust, nor had Mrs. Thelma D. Parr recorded the deed which had been executed to her by the substitute trustee.

Hood Boone and Jacob S. Floyd, under such circumstances, were not innocent lien holders as to five-twenty-fourths of the minerals under Survey 553, to secure the payment of these two notes. In the first place, their fee was a contingent one. They were to receive only $1,000 if they lost, but $11,000 if they won, and $6,000 if the cause was compromised for less than the property sued for. In the second place, they were employed to bring suit for the very land, the mineral rights under which they were taking a lien on. The west half of the survey had been decreed to belong to the Parrs and the attorneys were bound to know that, unless they could recover an interest in this west half for Mrs. Clarkson, their lien would be worthless. As to the east half, there was the deed of trust from J. F. Clarkson to J. R. Salinas, trustee, for the benefit of Vicente Salinas, on record. The attorneys did not examine the record title to Survey 553. This fact alone would preclude them from being innocent holders of the lien on the minerals under the east half, as against the true owners. West v. Peters, Tex.Civ.App., 287 S.W. 81.

If the attorneys had examined the records they would have found the deed of trust from J. F. Clarkson to Salinas, and that the same had never been released. This would have put them upon inquiry, which, if diligently pursued, would have, in all probability, lead to a discovery of the foreclosure under the power in the deed of trust. Martin v. Thaxton, Tex.Civ.App., 103 S.W.2d 877; Hopper v. Tancil, Tex. Com.App., 3 S.W.2d 67; Houston Oil Co. v. Hayden, 104 Tex. 175, 135 S.W. 1149.

In Pipkin v. Ware, Tex.Civ.App., 175 S. W. 808, it is held that attorneys, employed by a grantor to recover lands by setting aside an earlier conveyance, who as compensation received a conveyance of part of the land in controversy, are not bona fide purchasers.

Appellants' ninth, tenth and eleventh propositions are without merit and are also overruled.

The judgment is affirmed.