**SCOTT v. ROBERTSON et al.**

No. 2282.

Court of Civil Appeals of Texas. Eastland.

Sept. 18, 1942.

Rehearing Denied Oct. 9, 1942.

See, also, 151 S.W.2d 297.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, and Marshall & King, of Graham, for appellant.

L. H. Welch, of Breckenridge, for appellees.

FUNDERBURK, Justice.

H. H. Morse, one of two qualified and acting independent executors of the Estate of Mrs. Elizabeth Scott, deceased, on April 1, 1939, executed a written grazing lease upon land belonging to the estate of S. P. Robertson. The term of the lease was for one year, or from April 1, 1939, to and including March 31, 1940. The other executor, Mark McMahon, did not join in the lease. On January 2, 1940, by the deed of both said executors the land was conveyed to Winfield Scott, who by his servants, employees, or contractors made entry upon the land under circumstances which, if the lease to Robertson was valid, constituted a trespass resulting in damages to said Robertson as lessee.

This suit by S. P. Robertson against the said Winfield Scott and others in which T. P. Robertson also joined as a party plaintiff seeks recovery of damages for such trespass. In a jury trial upon a special verdict in favor of plaintiffs awarding actual damages in the sum of Fifteen Hundred and No/100 Dollars ($1,500) and exemplary damages in the sum of Eighteen Hundred Seventy-Five and No/100 Dollars ($1,875), judgment was rendered for plaintiffs, from which the defendant, Winfield Scott, has appealed.

Appellant predicates the appeal upon eight points, all of which, except the first, are believed to be either without merit or of very doubtful merit. Since the first point should, in our opinion, be sustained and such action will control the disposition of the appeal, we shall omit discussion of the other points.

Appellant's first contention is that the lease was void because it was executed by only one of the qualified and acting joint independent executors. The record sustains this contention and presents for decision this question: Did the lease signed by only one of two qualified and acting executors have the effect, if valid, to "convey real estate" within the meaning of R.S.1925, Art. 3432, providing that in such cases "all the executors who have qualified as such and who are acting as such shall join in such conveyance"? Otherwise stated, the question is whether a written lease of real estate for a term of only one year is a "conveyance" within the meaning of that word as used in said statute.

█ The preceding article of the Revised Statutes (Art. 3431) provides that: "Should there be more than one executor or administrator of the same estate at the same time, the acts of one of them as such executor or administrator shall be as valid as if all had acted jointly * * *". To such provision in said Article 3432 provides an exception. The Supreme Court of this State has decided that a lease of real estate for a term of more than one year is a conveyance within the meaning of R.S.1925, Art. 1288, which provides that: "No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing," etc. Dority v. Dority, 96 Tex. 215, 71 S.W. 950, 60 L.R.A. 941. In the same decision it was declared that such a lease is a conveyance within the meaning of that word as used in R.S.1925, Art. 1299, providing that: "The husband and wife shall join in the conveyance of real estate, the separate property of the wife", etc. It is to be observed that none of these statutory provisions purport in any way to define "conveyance", or to limit its meaning. If a lease of real estate for any term of years more than one constitutes a conveyance, there is nothing in said statutory provisions, so far as we can see, which would imply that a lease for one year or a fraction of a year would not constitute a conveyance of real estate. In our opinion there would be no warrant for holding that a written lease of real estate is or is not a conveyance accordingly as the term is, or is not, for a period of more than one year. It would perhaps never be contended that the husband could without the joinder of his wife execute a valid oil and gas lease upon the homestead or upon the wife's separate property for a term of, say, nine months; and yet if the mere length of term may be controlling it is difficult to see why such a lease would not be valid on the theory that it was not a conveyance. Within the meaning of statutory provisions there is no difference between an interest in real estate and real estate, and the act of an owner thereof or one authorized to do so in transferring ownership to another is, in our opinion, rightly to be regarded as conveying real estate, and the written instrument evidencing such transfer a conveyance.

█ The appellees counter this point with a contention to the effect that the lease was ratified by the non-joining executor and that "by his acquiescence and acts in accepting the full benefits of said lease, ratified the acts of H. H. Morse, and that said executors and the estate and their assignee were bound by the lease and estopped to deny the validity thereof or to repudiate the same." It is sufficient, we think, to say in answer to this claim that no such issues were tendered by appellees' pleadings. We need not, therefore, determine whether if such issues had been tendered and joined the asserted rights of appellees could have been supported upon the theory of a ratification or estoppel.

It is our conclusion that the judgment should be reversed and judgment here rendered that plaintiffs take nothing by their suit. It is accordingly so ordered.