## S. P. ROBERTSON ET AL V. WINFIELD SCOTT.

No. 8059. Decided June 16, 1943.
Rehearing overruled July 14, 1943.
(172 S. W. 2d Series, 478.)

*L. H. Welch*, of Breckenridge, for petitioners.

It was error for the Court of Civil Appeals to hold that the lease in question, though for only a term of one year, was a conveyance of real estate and prohibited under the provisions of Article 3432, and that the act of executing the lease in question by only one of two executors came within the exception to Article 3431, and was void. Kelly v. Lobit, 142 S. W. (2d) 301; Dickinson Creamery Co. v. Lyle, 130 S. W. 904; Burkett v. Texas Co., 255 S. W. 763.

*Marshall & King*, of Graham, and *Cantey, Hanger, McMahon, McKnight & Johnson*, of Fort Worth, for respondents.

"A written statement covering land, given by one of two joint executors for a term of one year or less, is a conveyance of real estate within the meaning of the statute, Article 3432, and prohibited thereby." Texas Trunk Ry. Co. v. Hall, 24 S. W. 324; 7 Words & Phrases 5939.

MR. JUDGE SLATTON of the Commission of Appeals delivered the opinion for the Court.

This suit is for damages occasioned by trespasses alleged to have been committed by the servants, agents and employees of Winfield Scott. A judgment was rendered upon a special issue

verdict against Scott. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of Scott. 165 S. W. (2d) 467.

The controlling question decided by the Court of Civil Appeals was stated thus: Did the mere signing by only one of two qualified and acting executors have the effect, if valid, to convey real estate within the meaning of R. S. Article 3432, providing in such cases "all the executors who have qualified as such and who are acting as such shall join in such conveyance"? Otherwise stated, the question is whether a written lease of real estate for a term of only one year is a "conveyance" within the meaning of that word as used in said statute. The Honorable Court of Civil Appeals answered the question stated in the affirmative and as the lease in suit was only executed by one of two qualified and acting executors, held the lease void and the lessee thereunder not entitled to recover under the judgment which was rendered in his favor by the trial court. We think the controlling question must be answered by ascertaining the meaning of the term "real estate" as used in the legislative enactment.

■ In dealing with leasehold estates we must consider the effect of particular statutory enactments to determine whether the term "real estate" means the same as used and understood at common law, or whether the term is more or less comprehensive in its meaning when used in particular statutes.

In 32 Am. Jur., Sec. 16, p. 39, it is said:

"The interest of a tenant in a term for years is deemed at common law personal property as distinguished from real estate, however long its duration in years, as in cases of leases, which sometimes run for 99 or 999 years * * *. Except as modified by statute a leasehold interest or estate, although it is a chattel real, is still personal estate and is subject to all the rules governing that species of property." 16 R. C. L., Sec. 8, page 536.

This statement and the authorities cited in the text in support thereof are sufficient to show that at common law a leasehold estate, of whatever its duration in years, was personal property. In Kent's Commentaries, Vol. 3, p. 492, it is said:

"The term real estate means an estate in fee or for life in land and does not comprehend terms for years or any interest short of a freehold."

Under the statute on conveyances, Article 1288:

"No estate * * * for a term of more than one year in land * * * shall be conveyed from one to another unless the conveyance be in writing" etc.

Under the statute of frauds (Article 3995, Sec. 4) "No action shall be brought in any court * * * unless the * * * agreement * * * shall be in writing * * * upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

It has been noted in the early opinions of this court that many verbal agreements concerning real estate or creating an interest or trust in real estate may be enforced in Texas which would come within the terms of the English statute. Anderson v. Powers, 59 Texas 213, and authorities there cited. This court, in the case of Bateman & Bro. v. Maddox, 86 Texas 546, 26 S. W. 51, ruled:

"That part of the verbal contract by which Bateman & Brother were to be allowed to keep the property for two years after the expiration of the first year was contrary to our statute (Sec. 4, Art. 3995) and could not be enforced by either party."

See also Hill v. Hunter, 157 S. W. 247 (writ refused.)

Under the judgment lien statute (Art. 5449) providing for a judgment lien on "all of the real estate of the defendant" etc., upon compliance with conditions therein stated:

"The term 'real estate' as used in this article mean something more than a mere chattel interest in land—more than a simple contract right to perform conditions, aside from the payment of the purchase price—and demand a conveyance of the title. They import a freehold interest, either an estate for life, or in fee simple. Scogin v. Perry, 32 Texas 21; Harrington v. Sharp, 1 G. Greene (Iowa) 131, 48 Am. Dec. 365."

The above is quoted from Bourn v. Robinson, 107 S. W. 876, in Sugg v. Mooch et al, 293 S. W. 907 (writ refused).

■ It has been seen that in our jurisdiction an estate in land for a term of more than one year is required to be conveyed by an instrument in writing. Article 1288, supra. And that a lease of real estate for a longer term than one year must be in writing in order to be enforced in the courts of this State. Article 3995, Sec. 4, supra.

The statutes do not require a written conveyance of a leasehold estate for a term of only one year. The statute with respect to the requirement of all of the acting and qualified executors to join in a conveyance of real estate does not define the term "real estate" so as to bring a leasehold estate in land for a term of only one years within its comprehension. We conclude that the legislature, in using the term "real estate" in Article 3432 used the same in the sense as understood under the common law except as broadened or restricted in other statutory enactments (Articles 1288 and 3995, Sec. 4). The term "real estate" as used in Article 3432 means an estate in fee or for life in land and *an estate for a term of more than one year in land* as provided by Article 1288 and does not comprehend terms for a year or less.

In the case of Dority v. Dority, 96 Texas 215, 71 S. W. 950, it was ruled that grazing lease of the wife's separate lands for a term of more than one year, executed by the husband without the joinder of the wife, was void. The holding was grounded upon the theory that the statute on conveyances, Articles 1288 (then Article 624) recognized a leasehold for more than one year to be an estate of interest in land. "The statute on conveyance requires written conveyances to pass such an interest and the others (married women's statutes) prescribed the persons by whom and the mode in which they should be made. Ballad v. Carmichael, 83 Texas 363, 18 S. W. 734." It was further observed in the opinion that "whether or not a lease for a year or less by the husband of his wife's separate lands would be valid is not involved," but cited the case of Chandler v. Jost, 81 Ala. 411, 2 So. 82, wherein the court held "that such leases for a year were valid, while those for longer terms were void."

We think the reasoning in the Dority case enforces our conclusion in the present case.

■ We hold that the grazing lease for a term of only one year is not a conveyance of real estate within the meaning of that term as used in Article 3432, the joinder of all of the acting and qualified executors was not required and since the lease, executed by one of two of the acting and qualified executors, is valid under Article 3431, the holding of the Court of Civil Appeals to the contrary must be overruled.

We have examined the respondent's points of error assigned in the Court of Civil Appeals to ascertain whether the judgment of that court may be sustained upon any other theory. It

is our conclusion that each of the points assigned in the Court of Civil Appeals is without merit. Accordingly, the judgment of the Court of Civil Appeals, which reversed the judgment of the trial court and rendered judgment in favor of Scott, is reversed and the judgment of the trial court in favor of Robertson et al is affirmed.

Opinion adopted by the Supreme Court June 16, 1943.

Rehearing overruled July 14, 1943.