**CARRIER v. McDONALD et ux.**

No. 12063.

Court of Civil Appeals of Texas. Galveston.

Feb. 17, 1949.

Aaron Goldfarb, of Houston, for appellant.

J. Meek Hawkins and Pliny V. Myers, both of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Clara M. Carrier, to set aside and nullify a lease to appellees, T. J. McDonald and his wife, of certain property in Harris County, Texas, for the alleged reason that she, as a married woman, had no capacity to lease said property to appellees without being joined in the lease by her husband. In addition to her prayer for the nullification of the lease contract, appellant sought a determination of the rights of the parties to the suit pursuant to the Uniform Declaratory Judgment Act, Vernon's Ann. Civ.St. Art. 2524—1 et seq.

Appellees answered by a general denial. By amended pleading they excepted to that part of appellant's pleadings in which she sought a determination of the rights of the parties under the Declaratory Judgment Act for the alleged reason that a suit to determine the identical facts sought in this action was then pending in another court. This pleading was stricken by the trial court for the reason that it had been filed by appellees without authorization. By trial amendment appellees alleged that the property covered by the lease was appellant's separate property; that she had a right to contract with reference thereto and that she had accepted rentals under said lease contract after she was divorced from her husband. They contended that by accepting these rentals appellant was estopped from asserting the invalidity of the lease contract.

In a trial before the court judgment was rendered denying appellant the relief sought.

Appellant assigns error in the failure of the trial court to declare said lease a nullity for the alleged reason that a married woman cannot convey an interest in her separate real estate without the joinder of her husband. She contends that a married woman cannot be estopped from recovering her separate real estate conveyed under an

invalid contract upon the plea that she has accepted and retained a consideration therefor.

The material facts in the record are undisputed. On January 20, 1944, appellant leased to appellees a portion of Lot 11 in Eureka Acres in Harris County, Texas. At the time she executed the lease she was married to W. A. Carrier, who did not join her in the execution of the instrument. The property involved had been acquired by appellant prior to her marriage to Carrier, but improvements aggregating some $800.00 had been placed on the property during coverture. Appellant collected rentals under the lease from the date of her divorce from her husband in January, 1947 until September, 1947.

Article 1299 of R.C.S. provides that: "The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in articles 6605 and 6608."

The term "real estate" as used in statutory enactments involving leasehold estates in land has been held by the Supreme Court of this State to mean "an estate in fee or for life in land and an estate for a term of more than one year in land as provided by Article 1288 and does not comprehend terms for a year or less." Robertson v. Scott, 141 Tex. 374, 172 S.W. 2d 478, 479.

In the Robertson v. Scott case, supra, the Court in its opinion said: "In the case of Dority v. Dority, 96 Tex. 215, 71 S.W. 950, 952, 60 L.R.A. 941, it was ruled that a grazing lease of the wife's separate lands for a term of more than one year executed by the husband without the joinder of the wife, was void. The holding was grounded upon the theory that the statute on conveyances, Article 1288 (then Article 624) recognized a leasehold for more than one year to be an estate or interest in land. '(The statute on conveyances) required written conveyances to pass such an interest, and

the others (married women's statutes) prescribed the persons by whom, and the mode in which, they should be made. Ballard v. Carmichael, 83 Tex. (355), 363, 18 S.W. 734.' "

Under this holding we think it is apparent that the lease contract under consideration in the instant case must be construed as a conveyance of real estate and, under Article 1299, Vernon's 1948 Texas Statutes, it was ineffective as a conveyance in the absence of a joinder by appellant's husband.

While appellees, in their pleading which was stricken by the trial court, and under a counter-point, contend that appellant's action is for a declaratory judgment alone they have wholly failed to brief this point in this court as required by Rule 418, Texas Rules of Civil Procedure. We must therefore consider the point waived.

Under their second counter-point appellees contend that, since appellant had accepted the benefits of said lease agreement, including the rentals paid by appellees, she had waived any rights she may have had to set said lease contract aside and that she is estopped to deny its validity.

The courts of this State have uniformly held that: "Without regard to the question of whether or not a void instrument may be ratified by a married woman, and without regard to the question of when such a ratification may be made effective, it is certain that as regards the separate estate of a married woman in land a ratification cannot be made except in language showing a clear intent and purpose to ratify and confirm, expressed in an instrument executed in the manner required by law for conveyance by a married woman of her separate estate in land." Thompson et al. v. Crim et al., 132 Tex. 586, 126 S.W.2d 18, 20. This doctrine is also upheld in the case of Clarkson v. Ruiz, Tex.Civ.App., 140 S.W. 2d 206.

It is undisputed that appellant executed a lease for a term of more than one year to her separate property, and, not having been joined therein by her husband, she can, we think, have such lease declared a nullity in that it is void as a conveyance,

and being void, acts of confirmation or ratification by appellant cannot estop her from asserting her status as a married woman.

It follows, we think, that the judgment of the trial court must be reversed and the cause here rendered in favor of appellant.

Reversed and rendered.