

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 21, 1964

Mr. John S. Hovenga
Executive Director
Board of Regents
State Teachers Colleges
Austin, Texas

Opinion No. C- 207

Re: Whether the Board of
Regents of the State
Teachers Colleges have
the authority to make
a long term lease with
the Federal Government
on state-owned property.

Dear Mr. Hovenga:

Attached to your letter requesting an opinion from this office was a proposed 49 year lease of state-owned land between the State of Texas, acting by and through the Board of Regents of the State Teachers Colleges in behalf of Stephen F. Austin State College, and the United States of America. With regard to this proposed lease you ask the following question:

"Does the Board of Regents of the State Teachers Colleges have the authority to make a long term lease with the Federal Government on State-owned property?"

The Board of Regents, as an agency of the State, may make only such contracts on behalf of the State as it has been authorized by law to make. Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); Attorney General Letter Opinion No. MS 75 (1953). The Board of Regents of the State Teachers Colleges is empowered and authorized to construct and equip buildings, purchase supplies, and acquire land for the use and benefit of any state teachers college. Articles 2647 and 2647b, V.C.S. And it is authorized to construct or acquire through funds or loans to be obtained from the United States Government or one of its agencies or from any other source the buildings described in Article 2603c, Vernon's Civil Statutes, and pledge the revenues of said buildings to the payment of bonds or notes issued for the construction or acquisition of such buildings. See also Article 2909a, Vernon's Civil Statutes, providing for the erection and equipment of dormitories, cottages, and stadiums, and the pledging of the revenues therefrom for the payment thereof. To the extent that the statutes authorize, therefore, the Board of Regents may acquire title both to real property and personalty for the use and benefit of the State Teachers Colleges.

-1003-

The disposition of State-owned land is a matter over which the Legislature has exclusive control. Lorino v. Crawford Packing Company, 142 Tex. 51, 175 S.W.2d 410 (1943); 34 Tex.Jur. 46, Public Lands, Sec. 25. There is no general law which authorizes any State Teachers College or the Board of Regents of the State Teachers Colleges to dispose of State-owned land. A leasehold of more than one year has been held to be a disposition of real estate. Article 1288, V.C.S.; Robertson v. Scott, 141 Tex. 374, 172 S.W.2d 478 (1943); Carrier v. McDonald, 218 S.W.2d 257 (Tex.Civ.App., 1949). Hence, we must hold that no general authority exists. State v. Steck Co., 236 S.W.2d 866 (Tex.Civ. App. 1951, error ref.)

## S U M M A R Y

The Board of Regents of the State Teachers Colleges does not have the authority to make a leasehold of more than one year of State-owned property.

Yours very truly,

WAGGONER CARR
Attorney General

By: I. Raymond Williams, Jr.

I. Raymond Williams, Jr.
Assistant

IRW:sj:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
George Gray
H. Grady Chandler
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone