J. L. Stroble v. O. F. Tearl.

No. A-2110. Decided June 8, 1949.
Rehearing overruled July 6, 1949.
(221 S. W., 2d Series, 556.)

*McKay & McKay, John J. McKay* and *Charles N. Avery, Jr.,* all of Austin, for petitioner.

The Court of Civil Appeals erred in holding that Article 6573a, section 22, Vernon's Texas Civil Statutes, has no application in a suit for a broker's commission for procuring a transaction which includes a leasing, for more than one year, of the premises, with the assigning or subletting of a leasehold estate, together with a leasing of the personalty and the business located on the premises. Ewing v. Moran, 166 S. W. (2d) 761; Davis v. First Natl. Bank, 258 S. W. 241; Frankfurt Finance Co. v. Treadaway, 159 S. W. (2d) 514.

*John D. Cofer,* of Austin, for respondent.

The evidence in the case is sufficient to show that plaintiff, Tearle, was the procuring cause of the lease, and even if the transaction involves a sale or transfer of a lease, the contract is not within the statute requiring certain commission contracts to be in writing, because a lease is a chattel real, a mere interest in land and is not real estate under the Real Estate Brokers Statute. Scogin v. Perry, 32 Texas 22; Dority v. Dority, 96 Texas 215; Sugg v. Mozoch, 293 S. W. 907.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

The respondent as plaintiff below brought this suit against the petitioner as defendant for a commission on a lease of the Texan Cafe business located in leased premises in Austin, Texas. There is no written agreement to pay a commission. Petitioner contends that this transaction was a sale of real estate under Sec. 22, Art. 6573a, Vernon's Ann. Civ. Stat. as amended, and respondent cannot recover.

There is a further controversy as to the evidence to sustain the jury's finding that respondent was the procuring cause of the sale, but in view of our disposition of this cause, same becomes immaterial and will not be further discussed.

A trial was had before a jury and the trial judge submitted the cause on the theory that the sale of the personalty could be severed from the sale of realty and upon the jury answers rendered verdict for respondent against petitioner for the sum of $1460.00. The Court of Civil Appeals affirmed the judgment

of the trial court. (217 S. W. (2d) 448.) We granted the writ of error upon the Court of Civil Appeals holding in effect that Sec. 22, Art. 6573a had no application to the facts proven in this case. Further facts will be stated in the opinion as may be necessary to an understanding of our holding.

Art. 6573a was passed in 1939 by the 46th Legislature for the declared purpose of providing a "more efficient and effective means of preventing fraud in the sale of real estate," and for a "more efficient and effective means of regulating the real estate business" etc. Genl. Laws 46th Leg., Reg. Sess., p. 576, part of Sec. 24.

Sec. 2(a) (1) of the Act defines the term "Real Estate Dealer" to include a person renting or leasing, or negotiating a rental or leasing of, an estate or interest in real estate.

Sec. 9 provides for the issuance of license to those desiring to act as a real estate dealer or real estate salesman, and authorizes the applicant upon receiving possession of his license from the Securities Division of Secretary of State to conduct the business of real estate dealer or real estate salesman in Texas.

Sec. 21 provides for the punishment of "any person * * * acting as a real estate dealer * * * within the meaning of this Act, without first having been licensed * * *."

Sec. 22 provides in part:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. * * *."

Under Art. 6573a it has been held that a person who has no license cannot recover any part of a commission on the sale of real estate. Gregory v. Roedenbeck, 141 Texas 543, 174 S. W. (2d) 585. This is true although he was involved in only a single act in connection with the procurement of a prospect for sale or purchase of realty. It has also been held that this statute is a mere enlargement of the old statute of frauds (Art. 3995, Vernon's Statutes), and the construction of the original statute should have great weight in the consideration of this additional provision (Sec. 22 of Art. 6173a). Hancock v. Sosbee (TCA),

183 S. W. (2d) 284, writ refused. Respondent contends that because Art. 3995 contains the language "for the sale of real estate or the lease thereof for a longer term than one year" and the provision of Sec. 22 is "* * * for the sale or purchase of real estate", we should hold the Legislature did not intend to require that leases for any term of years be included in the term "real estate" as used in said Sec. 22, and therefore no written agreement to pay a commission is required.

The question to be decided is: Was this contract a sale of real estate within the terms of Sec. 22, Art. 6573a and thus requiring a written agreement to pay a commission before any judgment may be rendered against petitioner?

Respondent pleaded that petitioner entered into a written contract of leasing the property to Dr. Hodges wherein petitioner assigned his lease on the building occupied by the cafe for two and one-half years, with an option to renew for five years, and called upon petitioner to produce the contract for use in evidence.

Respondent introduced the contract in evidence as plaintiff's Exhibit No. One.

This lease contract between petitioner Stroble as lessor and Dr. A. Wayne Hodges as lessee provides that lessor does lease, demise and let unto lessee and "lessee hereby leases" the Texan Cafe in Austin, Texas, and "being the property now under lease from W. T. Caswell by lessor in the Texan Hotel building * * *" together with the equipment and other personal property according to an inventory to be taken. The term is for 2 years and eight months with option to extend the lease for an additional period of four years for a designated rental upon the lessee's written notice to lessor not later than 60 days before the commencement of the four-year period. The contract further provides that it is subject to all the terms and conditions of a certain lease contract between W. T. Caswell (the owner of Texan Hotel building) and petitioner J. L. Stroble, but binds lessor promptly to pay all rentals due under the Caswell lease, but in event lessor should fail to pay then Dr. Hodges is given right to make the payments. The contract provides that any improvements that may be made on said premises by lessee during the term "of the lease shall become the property of lessor except as to trade fixtures and equipment." Lessee further agrees to service and maintain the furniture, fixtures and machinery in good condition; to paint the interior of the premises once each year with at least one coat of good paint; to repair

any damages caused to the leased premises; to replace machinery and equipment "now on the premises" which may become worn out or damaged beyond repair; that lessee will operate only a cafe or restaurant business on the leased premises and solely as "The Texan Cafe"; to pay all utility bills for services used in or upon the leased premises; to comply with all laws, rules and regulations governing his use and occupancy of the premises; and there is a clause providing for re-entry upon and into the leased premises upon default on part of lessee of any of his obligations under the lease, and that any holding over shall be a month to month tenancy. Attached to the contract between petitioner and Dr. Hodges is the original lease from Caswell to Stroble which rents the room on the first floor of the Texan Hotel building, Austin, Texas, for the purpose of operating a cafe and no other. This is a usual landlord's tenant lease contract on the space of the Texan Cafe, and on the equipment therein, and with a provision covering total or partial destruction of the leased premises. Also it prevents assignment or subleasing without landlord's written consent. Also attached is a renewal and extension of the Caswell lease to Stroble and consent for Stroble to assign the lease to Dr. Hodges.

We believe that a careful reading of the instruments conclusively shows that the transaction which is the basis of this suit for commission was a transfer of the lease on the building occupied by the Texan Cafe as well as of the personal property used to conduct the cafe business. The cafe would have been useless to Dr. Hodges without a place to house the business and the location was valuable. This is shown by a provision in the contract whereby petitioner agrees not to engage in the cafe business within ten city blocks from Texan Cafe during the term of the lease. This being true, there was a transfer of the lease on the building for at least two years and eight months.

In construing Art. 3432, Revised Statutes, requiring all the executors of any estate who have qualified and acting to join in conveyance of an estate's real estate, this court says: "We conclude that the legislature is using the term 'real estate' in Article 3432 used the same in the sense as understood under the common law except as broadened or restricted in other statutory enactments. Articles 1288 and 3995, sec. 4. The term 'real estate' as used in Article 3432 means an estate in fee or for life in land and an estate for a term of more than one year in land as provided by Article 1288 and does not comprehend terms for a year or less." Robertson v. Scott, 141 Texas 374, 172 S. W. (2d) 478, l.c. top 2nd col. p. 479(2).

Art. 1299 provides, "The husband and wife shall join in the conveyance of real estate, the separate property of the wife; * * *"

In the case of Dority v. Dority, 96 Texas 215, 71 S. W. 950, 952, 60 L. R. A. 941, Judge Williams held that a lease by the husband alone of the wife's separate lands for a longer term than one year was void. He rests his holding upon the premise that such a lease is real estate within the provisions of the then Art. 635 but now numbered 1299. He discusses the contention that such leases were not "real estate" within the provisions of the statute and also discusses the contention that the statute in question permitted the husband alone to convey all interests in the wife's land, less than the whole of her estate.

To sustain his contention that the term "real estate", as used in Sec. 22, Art. 6573a, does not include transfers and assignments of a lease of land for longer than one year, but only covers transfers of the fee simple title and life estates, the respondent Tearl relies upon cases from California, Montana and other states, the holdings of which courts are set out in 103 ALR 833. Specifically, he relies on the case of Dabney v. Edwards, 5 Cal. 2d 1, 53 Pac. 2d 962, 103 ALR 822. These cases are based on statutes of the various states which follow the common law distinction between freehold estates and estates for years and hold that the latter are personal property. This Court pointed out in Robertson v. Scott, supra, that our statutes have changed the common law as applied to the term "real estate."

The Montana cases are all decided on same theory of law as the California cases.

■ An examination of Secs. 2, 9 and 21, of Art. 6573a, shows that the respondent was required to have a license as a real estate dealer to negotiate the leasing of the premises involved. In answer to an exception urged by petitioner in the trial court, respondent filed a supplemental petition in which he alleged he was a duly licensed real estate dealer. He testified to this effect on the trial of this cause. To hold that he is bound by the Act to secure a license before he could have negotiated this sale, but to hold he is not required to have a written agreement as provided in Sec. 22 of the Act prior to his recovery of a commission, would appear to us to give a strained construction to the evident purpose of the Act as expressed in its various provisions. Unquestionably, the Act attempts to regulate dealings of the kind and character shown by this record. We see no logical

ground for making an exception to the announced purpose of the Act, and particularly to Sec. 22. Therefore, we hold that the transaction involved was a sale of "real estate" within the contemplation of Sec. 22, Art. 6573a, and to recover a commission a written agreement to pay as is provided in Sec. 22 was a prerequisite to the suit of respondent.

■ Respondent claims that even though the transaction involved be held to be a sale of "real estate," the transaction is divisible and he should be permitted to recover a commission on the sale of the personalty. It seems to us that this contention is sufficiently answered by the nature of this transaction. The personal property would have been practically useless without the building occupied by the cafe. The lessee bound himself to conduct only a cafe business in the premises leased. He agreed to "operate the Texan Cafe during the entire term of this lease, and to conduct it in such a manner as to preserve the trade name and goodwill thereof." Lessee required lessor to agree that he would not "directly or indirectly engage in the restaurant business within a radius of ten city blocks of the Texan Cafe during the term of this lease or any extension thereof." The contract provided for installation of air conditioning equipment in the leased premises at the expense of lessor. The contract provided only one consideration for the whole transaction and there is no attempt to divide or allocate the consideration between the various properties covered by the contract, and only a single transaction is shown. Therefore, we hold that the contract was entire and indivisible. Markham Irr. Co. v. Brown, (Comm. App.) 292 S. W. 863; Frankfurt Finance Co. v. Treadaway (TCA) 159 S. W. (2d) 514, writ ref. w. of m.; Del Courto v. Billingsley (TCA) 169 S. W. 393, writ ref.; 10 Tex. Jur., pp. 321 et seq., Contracts, Secs. 185-186.

A part of the contract being for sale of real estate and a part for sale of personalty, and the contract being an entire and indivisible contract, it follows that in order to recover any commission on the sale there must have been a written agreement to pay as provided in Sec. 22 of Art. 6573a; Upson v. Fitzgerald, 129 Texas 211, 103 S. W. (2d) 147, top 1st col., p. 150; Westwood v. Continental Can Co. (5th Cir.) 80 Fed. (2d) 494; Cheney v. Coffey, 131 Texas 212, 113 S. W. (2d) 162, 164 [2], (on rehearing 114 S. W. (2d) 533).

Respondent relies on those cases construing the judgment lien statutes as applying only to interests in land which are fee simple or for life. We have read each of these cases, and have found none wherein a leasehold estate is involved. Therefore,

they are not in point in the present suit. While there are statements in some of those cases indicating that "real estate" means only a fee simple title or a life estate in land, we think that "real estate" as used in Sec. 22 of Art. 6573a should not be given such a narrow construction.

The case has been fully developed and therefore should be finally determined without further delay.

The judgments of the trial court and of the Court of Civil Appeals are reversed and judgment is here rendered for petitioner and that respondent take nothing.

Opinion delivered June 8, 1949.

Rehearing overruled July 6, 1949.