E. L. MANERING, Appellant,

v.

NORTH TEXAS PRODUCERS ASSOCIA-
TION, Appellee.

No. 16444.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 20, 1963.

Rehearing Denied Oct. 18, 1963.

Lefkowitz, Green, Ginsberg, Eades &
Gilmore, and John Plath Green, Dallas, for
appellant.

Bagby & Ellis and Wm. L. Bagby, Ar-
lington, for appellee.

LANGDON, Justice.

This is an appeal from a summary judg-
ment. The plaintiff, E. L. Manering, ap-
pellant, initiated this suit against the de-
fendant, North Texas Producers Associa-
tion, appellee, to recover a commission
based upon an oral contract. The parties
will be referred to as they were in the trial
court.

Manering as plaintiff alleged that he was
authorized by H. Carl Vandervoort, Jr., an
officer of Vandervoort's, Inc., a Texas Cor-
poration engaged in the dairy business, to
make known to the defendant North Texas
Producers Association that he and the other
stockholders were willing to sell Vander-
voort's, Inc., for $2,750,000.00 net to the
seller, the commission to be paid by the
purchaser. That thereafter he contacted
Mr. J. O. Woodman, General Manager of
the defendant, North Texas Producers As-
sociation, and advised him that Vander-
voort's was for sale on the terms above
stated and that Woodman agreed that de-
fendant would pay plaintiff a commission
on the sale. That the usual and customary
commission for such transactions was and
is 5% of the gross sales price. That there-
after the sale was consummated and de-
fendant, North Texas Producers Associa-
tion, purchased Vandervoort's, Inc., for the
gross consideration of $2,600,000.00, net to
the seller.

That he was the efficient and procuring cause of the sale in that he placed the parties to the sale in communication resulting in the negotiation and consummation of the sale. That under his contract with the defendant he is entitled to a commission of $130,000.00 and attorney's fees of $30,000.-00.

Plaintiff further alleged that the sale agreement upon which his action for commission is based was one for the sale of personal property, namely Vandervoort's, Inc., by its "shareowners" in their capacity as such. That the defendant, after the oral agreement to pay the commission to plaintiff, entered into a sales agreement with the "shareowners" of Vandervoort's, Inc., by which the latter agreed to sell Vandervoort's, Inc., as a going corporation to the defendant.

That thereafter on or about March 1, 1961, the corporation, Vandervoort's, Inc., in its sole capacity as such, executed a bill of sale and various warranty deeds; that such action was taken at the behest and at the direction of the defendant in order to attempt to change the character of the transaction from a sale of personalty to a sale of realty and personalty with knowledge that the commission agreement between plaintiff and defendant was an oral one and by such maneuver defendant attempted fraudulently to deprive plaintiff of his rights to a commission for procuring the sale; that such action on the part of the defendant in changing the device or vehicle of sale without the knowledge or consent of the plaintiff was wrongful, fraudulent and calculated to deceive and to deny this plaintiff its rights under and by virtue of his commission contract and that the plaintiff has been damaged by such wrongful act of the defendant to the extent hereinafter shown.

That plaintiff has demanded payment of such commission, the defendant has failed and refused to pay all or any part thereof.

The defendant answered by way of general denial; further that the contract in question is one for the sale of real estate and not in writing as required by Articles 3995, sec. 4 and 6573a, sec. 28, Vernon's Ann.Texas Civil Statutes, as amended, "nor is there any memorandum thereof signed by Defendant or its agents."

The defendant filed its motion for summary judgment and in support thereof attached the affidavit of J. O. Woodman and various instruments including the proposal of purchase and the acceptance thereof, general sales agreement, warranty deed, bill of sale, quitclaim deed and a repurchase agreement covering a portion of the assets. The affidavit recited that defendant, "did not purchase any stock, interest or title to Vandervoort's, Inc.," and denied any agreement to pay plaintiff a commission.

The trial court granted the defendant's motion for summary judgment and for the reasons hereinafter stated we affirm the judgment.

■ The pleadings and the record as a whole present one issue of fact. It involves the oral agreement to pay a commission. However, under the record in this case the decisive question is: Did the transaction or sale in question, made the basis of a suit for commission, involve the sale of real estate within the terms of sec. 22, Art. 6573a, Vernon's Ann.Rev.Civ.St.? In the event it did, then an oral agreement would not suffice. In order to recover any part of a commission involving the sale of real estate a written agreement or memorandum is required. Further under Art. 6573a, supra, it has been held that only a person with a license can recover any commission for the sale of real estate. The record does not reflect that the plaintiff is a licensed real estate dealer; however, that question is not involved.

Examination of the contract of sale, the various instruments involved and the pleadings of the plaintiff conclusively shows that the transaction which is the basis of this suit for commission included the sale and transfer of considerable real property situated in Tarrant, McLennan, Brown and

Erath Counties, Texas, and valued in excess of $500,000.00, as well as personal property used in the dairy operation. Had the business been purchased without the real property on which the various plant facilities and other fixtures and improvements were situated, it could not have continued to operate as a going concern. The real property and its location was essential to continued operation of the dairy business which included the manufacture and processing of dairy products and the distribution thereof.

The plaintiff has no pleading alleging severability of the assets of Vandervoort's, Inc., nor that he was employed to sell only a portion of it. The contract contained one consideration covering the sale of all the properties of Vandervoort's, Inc. The contract contained no language by which it could be construed as a divisible contract. We therefore hold that the contract of sale involved herein was an entire and indivisible one. Stroble v. Tearl, 148 Tex. 146, 221 S.W.2d 556 at page 559(2) and authorities therein cited.

It therefore follows that since the alleged contract for commission was based upon a sales transaction which contemplated the sale and transfer of real property and that such contract was not in writing the plaintiff cannot prevail in his suit for commission. Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584 and authorities cited therein.

The plaintiff's contention that the defendant sought to defeat his claim for commission by changing the character of the transaction from one involving personalty to one involving realty and personalty could only indicate that the plaintiff contemplated a transaction involving the transfer of the stock of the Corporation.

However, under the holding in Hall v. Hard, supra, the plaintiff, Manering, can recover only by showing that he was not employed to sell any real estate or securities. The Real Estate License Act and The Securities Act (Art. 581, sec. 34), both pro-

vide that the plaintiff must allege and prove his license when seeking recovery of compensation based upon a transaction which contemplates the sale and transfer of real estate or securities. See Hall v. Hard, supra. The record is silent on the question of whether the plaintiff Manering, is licensed under the provisions of the Securities Act.

The contract of sale was not severable or divisible. It could have been handled by a transfer of the stock of the corporation or by dissolution of the corporation and a transfer of its assets. The latter means was used. See Vol. 39 Texas Law Review, pp. 665, 670.

The plaintiff, Manering, has not qualified nor shown himself entitled to a commission under either plan of transfer assuming he is able to obtain a favorable finding on the disputed issue as to whether there was an oral agreement to pay commission. All of plaintiff's points are overruled. The judgment of the trial court is affirmed.