**INDUSTRIAL BROADCASTING COMPANY d/b/a Station KIKK et al., Appellants,**

v.

**BROADCASTING EQUIPMENT SALES COMPANY, Appellee.**

No. 4907.

Court of Civil Appeals of Texas, Eastland.

Oct. 14, 1976.

Rehearing Denied Nov. 24, 1976.

Ted Hirtz and Charles C. Crady, III (Childress, Port & Crady), Houston, for appellants.

Dean Carlton, Dallas, E. N. Bender, Houston, for appellee.

WALTER, Justice.

Broadcasting Equipment Sales Company recovered a judgment for $147,500 plus $20,000 attorney's fees against Industrial Broadcasting Company and Leroy J. Gloger on an oral brokerage contract for the sale of radio station KIKK in a nonjury trial. Industrial and Gloger have appealed.

Broadcasting, as the assignee of Sovran, Inc., alleged Sovran had an oral agreement with Industrial to find a purchaser for station KIKK; that if such a purchaser were found it would be paid a commission of 5% of the consideration paid for the station; that it contacted Egmont Sonderling of Sonderling Broadcasting Company as a prospective purchaser; that thereafter Industrial, ignoring the finding and securing of such prospective purchaser by Sovran, entered into a sales agreement with Sonderling for the sale of the station for $2,950,-000.00; that Leroy J. Gloger was the owner of all or substantially all of the outstanding common stock of Industrial and after notice of Sovran's claim Industrial proceeded to liquidate; and, that Gloger became a trustee of the liquidated assets for the benefit of Industrial's creditors and asked for $50,-000 attorney's fees.

In their answer Industrial and Gloger alleged the properties sold by them to Sonderling included real estate and neither Broadcasting, Sovran nor its manager and chief executive officer Robert Magruder had a license to sell real estate as required by the Real Estate License Act and that Broadcasting's suit was for a commission on the sale of real estate and was not in writing and is precluded from recovering by virtue of Section 28 of Article 6573a of V.A.C.S.

Appellants contend there is no evidence and insufficient evidence Sovran procured Sonderling as a buyer for the radio station.

■ When appellants contend there is no evidence Sovran procured Sonderling as the buyer, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the finding and reject all the evidence contrary to the finding. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974).

■ The testimony of Magruder and the documentary evidence constitutes some evidence Sovran was the procuring cause of the sale.

Appellants contend the evidence conclusively establishes Sovran abandoned the commission contract. They contend the brokerage agreement was not in force at the time Sonderling signed its contract on May 24, 1972.

Appellants did not plead abandonment or termination of the contract, but assuming the issues were tried by consent, we hold the testimony of Magruder and other facts in evidence support the finding Sovran did not abandon the commission agreement.

Appellants contend there is no evidence to support the finding the oral brokerage agreement excluded real estate involved in the sale.

In *Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584 (1960), the court said:

"Our courts have required a strict compliance with the terms of the Real Estate Dealers License Act if a broker is to use the courts for recovery of his fees or charges for his services. In the case at bar it is undisputed that plaintiff was not a licensed real estate broker. On this phase of the case, therefore, he can only recover by showing that he was not employed to sell any real estate. If there is

an issue as to whether or not his employment included the sale of any real estate, then he must secure findings that will relieve him of the requirements of the Act. *If only the sale of personal property is involved, the broker is not under the terms of the Act.*

.   .   .   .   .

Plaintiff's cause of action was based upon one ground of recovery, to wit: the contract to pay him a commission for procuring a purchaser for the Hall properties. One of the elements· of this ground of recovery, under the facts as they developed upon the trial, was whether or not the terminal leases were a part of such Hall properties. This question presents a fact issue. There being no request for a jury issue on this question, and therefore no jury finding, it was for the trial court to make a finding on this issue, upon proper request. Rule 279, Franki's Vernon's Annotated Rules of Civil Procedure .   .   ." (Emphasis Added)

The court made the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

.   .   .   .   .

2. The commission agreement excluded any real estate.

.   .   .   .   .

7. Leroy Gloger (and his wife) ('Gloger') individually sold real estate, including all real estate alleged by Defendants by way of defense, to Sonderling for $500,000.00.

8. Sovran had no agreement with Gloger (or his wife) individually for any commission."

### "CONCLUSIONS OF LAW

.   .   .   .   .

2. The verbal commission agreement between Industrial and Sovran for a 5% commission for finding a buyer for Radio Station KIKK was a valid and enforceable agreement.

3. Inasmuch as such agreement did not include real estate, neither Article 6573a nor any other statute precludes the recovery herein.

.   .   .   .   .

6. Broadcasting, as assignee of Sovran, is entitled to a judgment against Industrial and Gloger for $149,500.00 being 5% of the $2,950,000.00 sales price for Radio Station KIKK and being exclusive of any real estate, together with interest thereon since January 23, 1973."

Magruder was asked the following questions and he gave the following answers:

"Q And 'The property' is the· next item.

A Property gives the details of the radio station, including how it came to be, how it grew to its present standing in the market, something about personnel, something about its operation; so with this, a buyer can visualize, after seeing it, exactly what kind of radio station it is.

Q Now, you will notice that one of the items in this spec sheet which you sent to Mr. Gloger and which I believe you later sent out to prospective purchasers, did you not   .   .

A Yes, I did.

Q   .   .   .   at the bottom of that page 2 it states, and I quote, 'Not included in the asset sale, but available for purchase are 6¼ acres at the tower site and an office building housing KIKK–AM studios. The property has been appraised at $275,000; is available for sale for $250,000. The office building currently grosses $2600 monthly income.'

Where did you obtain that information?

A From Mr. Gloger.

Q Where did you obtain the information that it is not included in the asset sale?

A Mr. Gloger stipulated that as part of the deal.

Q That is what he told you?

A That is right.

"Q   That you were not to handle the real estate?

A   That is right."

Magruder admitted in his original petition he asked for a commission of $172,500, which was a commission on the amount of the sale to Sonderling including the real estate. He also admitted testifying in his deposition that it was his understanding he would receive 5% commission on the total gross price of whatever changed hands in connection with the sale. Plaintiff filed an amended petition and reduced its claim for a commission to $147,500.00, and Magruder testified differently at the trial and asserted he never intended to assert a commission for the sale of real estate.

■ An admission against interest in an abandoned pleading may be used in evidence against the pleader, but it is not conclusive. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (1956). A party may be impeached by showing statements made by him which are contradictory or inconsistent with his testimony given in the pending case. Texas Law of Evidence, McCormick and Ray, par. 689, page 534.

In *Teairl v. Gover,* 257 S.W.2d 782 (Tex. Civ.App.-Austin 1953, err. dism.), the court said:

"In *Stroble v. Tearl,* supra [148 Tex. 146, 221 S.W.2d 556], the oral contract between the broker and the owner, i.e., the commission contract, related partly to realty and partly to personalty and not being divisible was held unenforceable because not in writing.   ·

This case is entirely different. The commission contract dealt only with personalty. It cannot be defeated because, perhaps, real estate transactions entered into the trade finally consummated between the owners and the buyer."

Whether real estate was included in the commission contract was a fact question which the court has found adverse to appellants on conflicting evidence. We hold there is some evidence to support the court's findings and conclusions.

We find no merit in appellants' contention there is no evidence the assets of Industrial, including the proceeds from the sale, were distributed to Gloger.

Gloger testified he and Sonderling agreed Sonderling would take over this law suit and any financial loss resulting therefrom would not be his, and that Industrial Broadcasting Company was liquidated and he as sole stockholder received "whatever there was to receive".

■ We find no merit in appellants' contention there is no evidence to support the finding that $20,000 is a proper amount for reasonable and necessary attorney's fees.

Attorney Dean Carlton, whose qualifications were stipulated, outlined some of the specific work he had performed including preparation and trial of the case. He testified in his opinion an attorney's fee of from twenty to thirty thousand would be proper.

We have considered the entire record and find no merit in appellants' factually insufficient points. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.