BBQ BLUES TEXAS, LTD and CNW
Enterprises, Inc., Appellants

v.

AFFILIATED BUSINESS BROKERS,
INC. and Edward (Eddie)
Calogero, Appellees.

No. 05–05–00265–CV.

Court of Appeals of Texas,
Dallas.

Jan. 24, 2006.

and CNW Enterprises, Inc., for breach of an oral contract with appellees, Affiliated Business Brokers and Edward (Eddie) Calagero. Appellants were ordered to pay $33,500 in actual damages and $13,500 in attorney's fees to appellees. For the following reasons, we affirm the judgment of the trial court.

## Factual and Procedural Background

In a series of conversations, which began on October 11, 2002, appellants and appellees entered into an oral agreement. The parties agreed that, if appellees found a buyer for appellants' business in Round Rock, Texas, appellants would pay them a commission equal to ten percent of the sales price. Appellees introduced appellants to a group that ultimately purchased the business in December 2002 for $335,000. As a part of the final purchase and sale agreement, the purchasers assumed appellants' lease on the property where the restaurant was located. Appellants refused to pay appellees the ten percent commission and commenced a declaratory judgment action in Dallas County. Appellees filed counterclaims alleging alternative causes of action based on breach of contract, quantum meruit, promissory estoppel and for attorney's fees. Appellants did not contest the fact that there had been an oral commission agreement but rather filed answers and counterclaims alleging that appellees' claims were barred by the statute of frauds provision of the Occupations Code. Tex. Occ.Code. Ann. § 1101.806(c) (Vernon 2004). Appellants filed a motion for summary judgment based on their statute of frauds defense which was denied by the trial court. The case was tried before a jury which rendered a verdict for appellees.

## Oral Commission Agreement

■ In issues one through five, appellants contest the factual and legal sufficiency of the evidence to support the find-

Robert S. Leithiser, Dallas, for Appellant.

T. Rick Frazier, Law Office of T. Rick Frazier, Dallas, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

After a jury trial, judgment was entered against appellants, BBQ Blues Texas, LTD

ing that the oral commission agreement did not involve the sale or purchase of real estate. Specifically, they assert that the oral commission agreement between the parties included the sale or purchase of real estate and therefore violated Section 1101.806(c) of the Occupations Code which states:

A person may not maintain an action in this state to recover a commission for the sale or purchase of real estate unless the promise or agreement on which the action is based, or a memorandum, is in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document.

TEX. REV. OCC. CODE ANN. § 1101.806(c) (Vernon 2004); *see also Stroble v. Tearl,* 148 Tex. 146, 221 S.W.2d 556 (1949).

Appellees argue the evidence presented at trial established that the oral commission agreement did not contemplate the transfer of real estate. They assert that appellants and the purchaser of the restaurant worked out a transfer of the lease agreement between themselves and they had no control over the ultimate structure of that transaction. They contend the oral commission agreement was a finder's fee for bringing a willing buyer together with a willing seller. Appellees additionally observe that the business could have been sold without the transfer of the lease. Finally, they point out that this issue was clearly presented to the jury in Question 2, "Did a part of the agreement you have found include the transfer of the real estate lease for the restaurant in Round Rock, Texas?" To which the jury answered "No."[1]

The burden was on appellee to secure a finding that no real estate was included in the oral agreement. *See Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584, 589 (1960). When, as in this case, the appellants are challenging the legal sufficiency of the evidence to support a finding on which they did not have the burden of proof at trial, the appellants must demonstrate on appeal that no evidence exists to support the adverse finding. *See Coleman v. Coleman,* 170 S.W.3d 231, 240 (Tex. App.-Dallas 2005, pet. filed); *Casino Magic Corp. v. King,* 43 S.W.3d 14, 19 (Tex. App.-Dallas 2001, pet. denied); *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). When reviewing the record, we look to see whether any evidence supports the challenged finding. *King,* 43 S.W.3d at 19. If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *See Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995); *see generally City of Keller v. Wilson,* 168 S.W.3d 802 (Tex.2005).

When appellants challenge the factual sufficiency of a jury finding, we must consider all the evidence. *See Coleman,* 170 S.W.3d at 240; *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Findings may be overturned only if the evidence is so weak or the findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* However, we will not substitute our judgment for that of the jury. *Lewis v. Anderson,* 173 S.W.3d 556, 563 (Tex.App.-Dallas 2005, pet. filed); *Clancy v. Zale*

---

1. Appellants challenge this jury question citing *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966). Pursuant to rule 274, "a party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question ... is waived unless specifically included in the objections." TEX.R. CIV. P. 274. In this case, appellant failed to timely object to the question, so any objection was waived. Jury questions submitted without objection cannot serve as a basis for complaint on appeal. *See Green Intern., Inc. v. Solis,* 951 S.W.2d 384, 389–390 (Tex.1997).

*Corp.*, 705 S.W.2d 820, 826 (Tex.App.-Dallas 1986, writ ref'd n.r.e.).

There were two separate and distinct contracts in this case: (1) the oral commission agreement between appellants and appellees which called for a ten percent commission to be paid to appellees if they found a buyer for the restaurant, and; (2) the sales contract between the buyer and the seller of the restaurant. Regardless of the terms of the final contract between the buyer and seller of the restaurant, the jury found that appellants breached the oral commission agreement and that the oral commission agreement did not involve the transfer of the real estate lease in Round Rock, Texas. There is more than a scintilla of evidence to support this finding. Further, after reviewing all of the evidence, we do not find the evidence in support of the findings so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. The evidence at trial was both factually and legally sufficient to support the finding that the oral commission agreement did not involve the sale or purchase of real estate. Accordingly, we find against appellants on their first five issues.

In issues six and seven, appellants assert that there is no evidence to support the alternative damages awarded by the jury for quantum meruit and for promissory estoppel. Since we affirm the trial court's judgment that appellants breached the oral commission agreement and appellants have been ordered by the trial court to pay actual damages of $33,500, we do not need to address appellants' issues regarding the alternative damages based on quantum meruit and promissory estoppel.

The judgment of the trial court is affirmed.