ACCEPTED
03-12-00558-CV
7902035
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 11:03:14 AM
JEFFREY D. KYLE
CLERK

# No. 03-12-00558-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 11:03:14 AM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

## HAPPY JACK RANCH, INC. & FREDERICK J. BEHREND,
*Appellants*
## VS.
## HH&L DEVELOPMENT, INC., MATTHEW STOLHANDSKE, TRUSTEE, & MICHAEL STRNAD,
*Appellees*

_____

ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT,
COMAL COUNTY, TEXAS, CAUSE NO. C2010-1022A
HON. CHARLES RAMSEY, PRESIDING

_____

## *APPELLEE STRNAD'S SECOND MOTION FOR REHEARING*
_____

Ted Cackowski
SBN: 03575900
ATTORNEY AT LAW
1141 N. Loop 1604 E. #105
San Antonio, TX 78232
Tele: 210 383 7277
Email: TedCLaw@aol.com

1

# No. 03-12-00558-CV

_____

In The Court of Appeals
Third Court of Appeals Judicial District
Austin, Texas

_____

**HAPPY JACK RANCH, INC. & FREDERICK J. BEHREND,**
*Appellants*
**VS**.
**HH&L DEVELOPMENT, INC., MATTHEW STOLHANDSKE,
TRUSTEE, & MICHAEL STRNAD,**
*Appellees*

_____

On Appeal from the 22nd Judicial District Court,
Comal County, Texas, Cause No. C2010-1022A
Hon. Charles Ramsey, Presiding

_____

## *APPELLEE STRNAD'S SECOND MOTION FOR REHEARING*

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Michael Strnad asks this Court to reconsider its substituted opinion filed November 6, 2015, grant Strnad rehearing on said opinion and upon rehearing affirm the trial court's award of attorneys' fees to Michael Strnad.

## Table of Contents

I. Rehearing points: ...................................... 4

A. POINT ONE- Behrend, having failed to object to or brief any claimed impropriety of the written "proffer" procedure, did not preserve any error on appeal. Without objection ( and seeming acquiescence) to the failure to formally introduce the proffer, it was not an abuse of discretion for the trial court to consider it evidence when affirmed and sworn to in open court. Judge Ramsey was never given an objection sufficiently specific to give him an opportunity to rule on the issues that this Court now opines on at great length. Behrend's only substantive objection at the hearing and in his Motion to Strike Brief and Proffer was late designation of expert testimony. Absent unfair surprise, Judge Ramsey did not abuse his discretion in considering Strnad's evidentiary proffer on attorney's fees. ............................ 4

B. POINT TWO-This Court substituted its judgment for that of the trial Court and ignored the plain meaning of the words "affirm," "proffer" and "swear" when it reasoned that there was "…not an attempt to prove any facts regarding the attorney fees themselves, including their reasonableness or necessity…" [Opinion page 15] ... 7

C. POINT THREE- This Court has substituted its own judgment for that of the trial court when it concluded: "there is no indication that the parties relied on or treated as admitted the attorney-fees evidence at issue

here, the evidence was not constructively admitted for purposes of our review." ...............................11

D. POINT FOUR- Judge Ramsey was requested, without objection, to take judicial notice of the Court's entire record. Behrend's attorney's fee affidavit, viewed in the context of the entire record, is some evidence of Strnad's attorney's fees. To permit Behrend to controvert Strnad's nearly identical fee request runs amuck or the consistency principles underpinning judicial estopple. Judge Ramsey's ruling was not arbitrary, unreasonable or without regard to guiding legal principles. The evidence is not so weak as to make Strnad's fee award clearly wrong and manifestly unjust. ...........................13

II. ARGUMENT AND AUTHORITIES ..............................13

III. Conclusion and Prayer ...............................20

## I. Rehearing points:

A. POINT ONE- Behrend, having failed to object to or brief any claimed impropriety of the written "proffer" procedure, did not preserve any error on appeal. Without objection ( and seeming acquiescence) to the failure to formally introduce the proffer, it was not an abuse of discretion for the trial court to consider it evidence when affirmed and sworn to in open court. Judge Ramsey was never given an objection sufficiently specific to give him an opportunity to rule on the issues that this Court now opines on at great length. Behrend's only substantive objection at the hearing and in his Motion to Strike Brief and

4

Proffer was late designation of expert testimony. Absent unfair surprise, Judge Ramsey did not abuse his discretion in considering Strnad's evidentiary proffer on attorney's fees.

1. Strnad's proffer was "affirmed" and "sworn to" in open court by his counsel. Behrend did not object to the proffer procedure or the sufficiency of its evidentiary content demonstrating the reasonableness and necessity of Strnad's attorneys fees. Behrend, consistent with characterizing the proffer as offered evidence, only moved to strike the "proffered evidence" based on the late designation of Strnad's attorney as an expert witness.

2. In Behrend's *"Motion to Strike Brief and Proffer in Support of Strnad's Motion for Attorney's Fees"* [CF pg. 506] he only asserted one substantive complaint:

> "1. **Defendant's proffer attempts to put before the Court evidence of attomey's fees** when this Defendant has failed to timely and properly designate an expert witness or to provide information and documents requested under Rule 194.2(f) and Rule 195.2." [emphasis added]

3. Behrend's language : "proffer attempts to put before the Court evidence of attomey's fees" bespeaks his clear understanding that the "proffer" filed before the hearing was an evidentiary offer in writing. Behrend's attorney knew he had to object and he did so in writing before the hearing. This Court observes [Opinion page 14]:

> "Virtually the entire hearing from which this excerpt was taken was spent, not on the amount, reasonableness, or justification for attorney fees, but on whether Strnad would even be allowed to present evidence of his attorney fees."

5

4. That virtually the entire hearing was spent on the single objection as to late designation is not surprising, because that was the only complaint before the trial court. There was never any contention the "proffer" did not contain adequate evidence of reasonableness or necessity. The trial court would not have expected an objection to necessity or reasonableness when two attorney's submitted the same hourly rate and hours.

5. To be clear, the procedure was simple and efficient,

      (a) Strnad filed a written proffer[1],

      (b) Behrend filed a motion to strike the proffer based on late designation ( there was no complaint that the proffer content was insuffient on the issues of necessity and reasonableness.)

      (c) Strnad's counsel affirmed and swore to the proffer at the hearing,

      (d) Judge Ramsey took the matter under advisement and awarded Strnad his fees.

6. Without objection, Judge Ramsey did not abuse his discretion in concluding ( apparently, fees were awarded) Strnad's counsel used the language "affirm and swear today" to be clear he was adopting the proffer as his hearing testimony.

7. Behrend's announcement at the beginning of the hearing circumscribes his view of the proffer and what he believed was before the Court. Behrend's counsel announced [ RR Vol. 3, pg.1, ln. 11] as follows:

---

[1] The "proffer" was filed as initial document with a supplement for time and events after the hearing on the merits. [CR pages 457 and 539]

6

"MR. CAZIER: We actually have an objection to -- based on late designation of an expert witness, a motion to strike ***proffered evidence*** on attorney's fees. And that's a ten-minute matter. [emphasis added]."

8. The announcement of Behrend's counsel was reason for the Court to assume that he believed the "proffer" was before the court as "evidence."

B.    POINT TWO-This Court substituted its judgment for that of the trial Court and ignored the plain meaning of the words "affirm," "proffer" and "swear" when it reasoned that there was "…not an attempt to prove any facts regarding the attorney fees themselves, including their reasonableness or necessity…" [Opinion page 15]

9. Regarding the "proffer" on attorney's fees, Strnads's counsel testified:

"I have given him a proffer which I affirm and swear today is true and correct." [RR Vol. 3 pg. 11 ln 4]

10. This Court concluded that the testimony:

"was not an attempt to prove any facts regarding the attorney fees themselves, including their reasonableness or necessity, but only arguing that his client should be allowed to present the evidence at all." [Opinion page 15]

11. The trial court could have equally well reasoned and found that the words "affirm" and "proffer" are given their ordinary meanings and that Strnad's counsel's "affirmation"[2] was also an attempt to adopt the filed

---

[2] One of the dictionary definitions of "affirm" is " to declare to be true; assert positively." Source:< http://www.thefreedictionary.com>

"proffer" as his hearing testimony. It Strnad's counsel's language was only intended as argument there would have been no need to use the word "swear." The hour by hour comparability of Strnad's and Behrend's counsels fees was relevant to both the "reasonableness and necessity" of attorney's fees and to a rebuttable of Behrend's contention that his attorney was surprised by Strnad's fee request and claimed late designation of an expert.

12. Contrary to the clear use of the word "proffer in the captions of the "proffer," the Court concludes that the "proffer" is only the documents attached to the "motion." This Court reasons [Opinion page 14]:

> "Strnad likewise reasons that the above "testimony" affirming and swearing to the truth and correctness of the proffer [n. 8] transformed the documents attached to his motion into a "sworn proffer." We disagree."

13. In would seem that using the ordinary meaning of the words that "swearing a proffer is true" would make the proffer a "sworn proffer." The Supreme Court has done away with the formal requirement of a jurat. The Supreme Courts view explained, in *New Hampshire Insurance Co. v. Magellan Reinsurance Co. Ltd.,* 02-11-00334-CV, Court of Appeals of Texas, Second District, Fort Worth, January 10, 2013, is a follows:

> The Supreme Court of Texas, however, has recently held that for satisfying the government code's definition of "affidavit, " **while the record must show** that a purported affidavit was sworn to by the affiant, a jurat is not required. [emphasis added]

8

14. The Supreme Court in *Mansions in the Forest, L.P. v. Montgomery County,* 365 S.W.3d 314, 55 Tex.Sup.Ct.J. 624 (Tex. 2012) is clear that the focus is on substance not form.

> **When a purported affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, the opposing party must object to this error, thereby giving the litigant a chance to correct the error.** …
>
> …
>
> There are " important prudential considerations" behind our rules on preserving error. *In re B.L.D.,* 113 S.W.3d 340, 350 (Tex.2003). First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal. *Id.* Second, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error. *Id.* (" Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue." ). Third, a party " should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *Id.* (quoting *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982) (per curiam)). For these reasons, to preserve this issue for appeal, the County needed to present its complaint to the trial court. [emphasis added

15. Without an objection, there was no way Judge Ramsey or Strnad's could know that Behrend would later contend[3] that counsel's words: "I have

---

[3] It is not clear that this is Behrend's contention. Though Behrend noted before the hearing that the proffer was "unverified," the contention that Strnad's counsel recitation in open Court did not cure the objection was not made at the hearing or in the motion for new trial.

given him a proffer which I affirm and swear today is true and correct." [RR Vol. 3 pg. 11 ln 4] did not constitute evidence in the record that the proffer was "sworn to before an authorized officer." In fact, there were at least three such officers present (Judge Ramsey, the clerk and Court reporter).

16. The "proffer" was not just the attached documents[4], but rather the entirety both documents that were clearly captioned "proffer." The "proffer" consist of an initial document with a supplement for time and events after the hearing on the merits, but before the hearing on attorney's fees [CR pages 457 to 492 and CR 539-549]. In note 8 [Opinion page 14] the Court seems to recognize that the "proffer" consist of two documents:

> Strnad's motion for attorney fees is titled "Brief and Proffer in Support of Strnad's Motion for Attorney's Fees and For Anti-Suit Injunction" and his supplement to that motion is similarly titled, "Supplemental Brief and Proffer in Support of Strnad's Motion for Attorney's Fees and For Anti-Suit Injunction And Response to Behrend's Motions to Strike and For Clarification."

17. It is not clear why this Court attempted to primarily characterize the two filings with the word "proffer," and not the word "motion," in the caption as "Strnad's motion for attorney fees." The word "proffer" was intended to have, and the trial court likely assumed the ordinary meaning[5], "*to offer for acceptance; tender, to put before a person for acceptance; offer.*" Like many filed documents, the proffer and proffer supplement prayed for

---

[4] The attached documents included a copy of the fee affidavit of Behrend's attorney previously filed and the time details for Strnad's attorney. Because Behrend's attorney filed his time for both this case and the prior nonsuited case, a tally sheet summing only the hours for this case (62. 3 hours) was also attached. [CR page 490]

[5] Source: < http://www.thefreedictionary.com/proffer>.

10

attorney's fees. The primary focus and content, however, was to "proffer" testimony.

18. The language in the "proffer" is clearly in the nature of testimony. In his proffer, paragraph 2 [CR pg. 459], for example, Strnad's counsel opines to the reasonableness of the hourly rate as follows:

"The below signed was honorably discharged from the Naval Reserve effective August 1, 2001 with the rank of Commander. In recent years the undersigned has handled matters in Comal, Bexar and Guadalupe Counties and the Western District of Texas. Mr. Cazier has asserted in his affidavit that $250/hour is reasonable for a case of this complexity in Comal County. The below signed is familiar with rates charged in Comal County by reason having had discussions with colleagues, having had discussions with lawyers who routinely practice in Comal and having examined affidavits submitted by lawyers who practice in Comal County. The below signed agrees with Mr. Cazier that $250 is reasonable in Comal County for experienced counsel. The below signed is requesting $250 per hour. Both Behrend and Strnad's counsel have expended approximately 62 hours of time through April 15, 2012[6] as shown on the attached exhibits. Behrend has filed a motion for reconsideration this date which together with hearing on this application justifies an additional award of fees beyond the time expended and delineated to this point in time."

C.    POINT THREE- This Court has substituted its own judgment for that of the trial court when it concluded: "there is no

---

[6] A supplemental proffer was filed prior to the hearing and tendered to the Court at the hearing without objection as to necessity or reasonableness. [RR Vol 3, pg. 12, ln. 9]. In the supplemental proffer [CR pg 540] Strnads counsel proffered "Responding to these, preparation for the hearings and attendance at the hearings has required an estimated additional 21 hours of effort, bringing the total to, 83hours at $250/hour, $20,750 through April 25, 2012."

11

indication that the parties relied on or treated as admitted the attorney-fees evidence at issue here, the evidence was not constructively admitted for purposes of our review."

19. It was clear to all parties that th proffer was the "evidence" on attorney's fees. The only question before the trial Court was whether it should be "stricken " or, a distinction without a difference, permitted to be adopted by Strnad's counsel as his testimony.    That the  proffer was the intended evidence was clearly known and accepted  by Behrend's counsel. In fact, Behrend's counsel specifically characterized the proffer as "evidence." At the beginning of the hearing Behrend's counsel announced [ RR Vol. 3, pg.1, ln. 11]  :

> "MR. CAZIER: We actually have an objection  to -- based on late designation of an expert witness, a  motion to strike ***proffered evidence*** on attorney's fees.  And that's a ten-minute matter. [emphasis added]."

20. In context, the trial court was well within reason to conclude that Mr. Cazier was operating from the perspective that the proffer was de facto admitted "evidence" unless "stricken."    Both counsel and Judge Ramsay conducted the hearing as though the proffer was admitted unless stricken. Whether to "strike the proffered evidence"  or admit it and award attorney's fees was taken under advisement. This procedure was an efficient use of judicial resources and not objected to. It would have been duplicitous and waste of judicial resources to swear in Strnad's counsel for a regurgitation of the  filed  "proffer." To the extent it needed to be verified, adopted in open court    and   incorporated in live testimony, without objection to the procedure, Judge Ramsey was not acting arbitrarily and outside guiding

12

principles, or the ordinary meaning of words, to find that Strnad's counsel effected the adoption of his " proffer" as his testimony with the words:

> "I have given him a proffer which I affirm and swear today is true and correct." [RR Vol. 3 pg. 11 ln 4]

**D.    POINT FOUR-  Judge Ramsey was requested, without objection, to take judicial notice of the Court's  entire record. Behrend's attorney's fee affidavit,  viewed in the context of the entire record,  is some evidence of Strnad's attorney's  fees. To permit Behrend to controvert Strnad's nearly identical fee request runs amuck or the  consistency principles underpinning judicial estopple. Judge Ramsey's  ruling was not arbitrary, unreasonable or  without regard to guiding legal principles. The evidence is not so weak as to make  Strnad's fee award clearly wrong and manifestly unjust.**

## II. ARGUMENT AND AUTHORITIES

21. The crux of this Courts argument seems to be that the "proffer" was never "formally introduced"  into evidence and moved from the Clerk's Record to the Reporter's Record.  This formalism would seem to place form far over substance. The closest case in point that Appellee could find  is *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex.App.-Dallas 2014, *petition for review denied* ) where the Court opined.

> "Although Cruz raised various objections to the affidavits, he did not assert they were never introduced into evidence. Cruz, therefore, failed to preserve this complaint for appellate review. See Tex. R. App. P. 33.1. Moreover, he has cited no legal authority, nor have we found any, to

13

support his contention that affidavits filed with the trial court over one month before the attorney's fees hearing had to be formally introduced into evidence at the hearing after the trial court indicated he just needed to know when it was filed. We resolve this complaint against Cruz."

22. The formalism of an oral regurgitation or moving a written proffer from the clerk's record to reporter's record would seem to flow against the current trend. In *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 783 (Tex. 2005) the Court commented:

"For some years now the trend has been away from full evidentiary hearings in open court for most pretrial matters. While we have generally encouraged oral hearings when arguments may be helpful, [14]both the Legislature and this Court have discouraged oral presentation of testimony and evidence when they can be fairly submitted in writing.[15]Counsel can almost always direct the trial court's attention to pertinent deposition excerpts, discovery responses, or affidavits in less time than it takes to recreate them in open court. Presuming that most pretrial proceedings are evidentiary would not only discourage this trend, but would encumber thousands of routine hearings by requiring formal proof that no proof was offered."

23. In another context the Court in *Crum & Forster Specialty Insurance Co. v. Creekstone Builders, Inc.*, 01-14-00907-CV, Court of Appeals of Texas, First District, October 27, 2015 disfavored requiring a formalistic document move from the clerk's to the reporter's record.

Here, although Creekstone did not present any evidence at the hearing on its forum non conveniens motion, it did attach evidence to its

motion, and, thus, evidence relevant to the forum non conveniens inquiry was before the trial court at the time it made its determination. We conclude that Creekstone's failure to present evidence at the hearing is not automatically fatal to its ability to meet its forum non conveniens burden, and we consider the evidence present in the record when reviewing the trial court's ruling. Cf. Benz Grp. v. Barreto, 404 S.W.3d 92, 97 (Tex. App.-Houston [1st Dist.] 2013, no pet.) (indicating that we must consider only evidence that was before trial court at time it made its forum non conveniens ruling).

24. The complaint with the proffer procedure, acquiesced in by Behrend in the hearing, that this Court now advances on behalf of Behrend, was not briefed in this Court. There was no complaint that would have permitted Judge Ramsey an opportunity to rule on the issue . In *Osterberg Peca v.,* 12 S.W.3d 31, 43 Tex.Sup.Ct.J. 380 (Tex. 2000) the Court opined:

"Applying Texas procedural rules, we consider whether the Osterbergs raised their federal free speech and association arguments with sufficient specificity to give the trial court an opportunity to rule on the issues. See TEX.R.APP. P. 52(a) (Tex. Sup.Ct. and Tex.Crim.App.1986, amended 1988, 1989, 1990, superseded 1997) ("In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context."); [7] McKinney v. National Union Fire Ins. Co., 772 S.W.2d 72, 74 (Tex.1989); see also In the Interest of Shaw, 966 S.W.2d 174  a specific objection be lodged in the trial court is to ensure that the trial court has the opportunity to rule on the issue.")."

25. Given that both Beherned's and Strnad's counsel  sought nearly identical hours and advocated the same hourly rate as reasonable, it  would not be expected  that Mr. Cazier would have  demanded  that Strnad's counsel be formally sworn and orally restate his extensive proffer. Judicial notice was requested [CR pg. 460] in Strnards proffer of  all the related litigation files. There was no objection filed or stated at the hearing.   Judicial notice of Cazier's fee affidavit [CR pg. 410]  and the entire file is some evidence of reasonableness and necessity. See *In re Estate of Downing*, 461 S.W.3d 231 (Tex.App.-El Paso 2015) as follows:

Further, it is well-settled that a trial court can properly take judicial notice of its own records and prior pleadings in the case, with or without a request of a party. See, e.g., In re Estate of Clark, 198 S.W.3d 273, 275 (Tex.App. -- Dallas 2006, pet denied); In re J.A.S.C., 430 S.W.3d 544, 545 n.2 (Tex.App. -- Dallas 2014, no pet.); Cognata v. Down Hole Injection, Inc., 375 S.W.3d 370, 379 (Tex.App. -- Houston [14th Dist.] 2012, pet denied).

16

26. The standard of review is well summarized *in Brockie v. Webb*, 331 S.W.3d 135 (Tex.App.-Dallas 2010) and quoted at length for ease of reference.

When an appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex.1983); Westech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ). When reviewing the record, we determine whether any evidence supports the challenged finding. BBQ Blues Texas, Ltd. v. Affiliated Business Brokers, Inc., 183 S.W.3d 543, 545 (Tex.App.-Dallas 2006, pet. denied**). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails.** Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.1998); Westech Eng'g, 835 S.W.2d at 196.

When an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding. Westech Eng'g, 835 S.W.2d at 196. In reviewing this point, we consider, weigh, and examine all the evidence presented at trial. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.1989). **We set aside the finding for factual insufficiency only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust.** Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

In reviewing the sufficiency of the evidence supporting an award of attorney's fees, we consider the following factors: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations

imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.1997).

**It is not necessary that the record include evidence on each of these factors.** See Burnside Air Conditioning v. T.S. Young, 113 S.W.3d 889, 897-98 (Tex.App.-Dallas 2003, no pet.). **As a general rule, the nature and extent of the attorney's services are expressed by the number of hours and the hourly rate. Id. There is, however, no rigid requirement that these facts must be introduced into evidence to support a finding that attorney's fees are necessary and reasonable**. Id.; Hays & Martin, L.L.P. v. Ubinas-Brache, M.D., 192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied). [emphasis provided].

27. Cazies'r fee affivadit viewed in the context of the Court's entire file is some evidence A*ndersen* factors (1) and (4) delineated above. For Judge Ramsey to have abused his discretion Behrend would have had to demonstrate that the fee award "was arbitrary, unreasonable, or without regard to guiding legal principles, or was without supporting evidence. Where the Court's observation from its record is that the actions of counsel were lockstep and "tit for tat," the filed fee affidavit of one attorney is some evidence to support of the reasonableness and necessity of his opposing counsel fees when they are nearly identical in hours and hourly rate. To permit an attorney to impeach his

19

opponent's nearly identical fee request contravenes the underpinning principles, if not the letter of the principle of judicial estoppel. In *Gevinson v. Manhattan Construction Co. of Okl.,* 449 S.W.2d 458 (Tex. 1969) the Court that "It has been said that one who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals." Though Caziers fee affidavit may not meet the formal requirements of judicial estopple, Caziers fee affidavit is some evidence.

## III. Conclusion and Prayer

28. This Court are has exalted form above substance. One reasoned interpretation that Judge Ramsey could have well adopted is that Strnad's counsels language turned his "proffer" into a "sworn proffer" and further that Strnad's counsel adopted the proffer as his testimony at the hearing. Behrends counsel did not object to procedure with the specificity circumscribed by the Texas Supreme Court in *Mansions*. The "proffer" which occupies 45 pages in the record [CR pages 457 to 492 and CR 539-549] is testimonial in nature and includes detailed time records of both counsel and the requisite opinion as to reasonableness of the hourly rate of $250, concurred in by both Strnad's and Behrend's counsel. The proffer is replete with an analysis of the record in this case and predecessor cases based on the same factual nucleus. Behrend did not complain of the issues addressed in *Cruz* or *Mansions,* nor were the issues briefed. No error was preserved. Aside form the failure to preserve error, Behrends counsel, to his

credit, did not make any disingenuous effort to impeach the amount Strnad's fee request which was substantially the same as his own .

29. Appellee prays that this Court grant rehearing and affirm the trial court's award of attorney's fees.


Respectfully submitted,

/s/ *Ted Cackowski*

_____
TED CACKOWSKI
SBN: 03575900

1141 N. Loop 1604 E. #105
San Antonio, TX 78232
Tele: 210 383 7277
Facs: 866-271-5336
Email: TedCLaw@aol.com
ATTORNEY FOR APPELLEE
MICHAEL STRNAD


CERTIFICATE OF COMPLIANCE


I hereby certify that the foregoing document contains 4,013 words according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2), excluding exempt items.

21

/s/ *Ted Cackowski*

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing document has been served on counsel of record for Appellants via E-filing on the date it was filed.

/s/ *Ted Cackowski*

Allen Cazier,
Law Offices of Allen Cazier
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217

Mr. Pascual Madrigal
Law Offices of Pascual Madrigal
9504 N. IH 35, Suite 316
San Antonio, TX 78233

Mr. Matt C. Stolhandske
1004 South St. Mary's
San Antonio, TX 78205